**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| GEORGE ROBERT STRAHAN,         ) | |
| ) | |
| Plaintiff,         ) | |
| ) | |
| v.         ) | No. 1:21-CV-180-JAR |
| ) | |
| STEPHEN E. WALSH,         ) | |
| ) | |
| Defendant.         ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff George Robert Strahan, a prisoner, for leave to commence this civil action without prepaying fees or costs. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion. Because plaintiff has already paid $350, no initial partial filing fee assessment is necessary. For the reasons discussed below, the Court will dismiss this action without prejudice, and will deny as moot plaintiff's motion to appoint counsel.

**Legal Standard on Initial Review**

This Court is required to review a complaint filed *in forma pauperis*, and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S at 556). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse the mistakes of those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff filed the complaint pursuant to 42 U.S.C. § 1983 against Stephen E. Walsh, a Missouri attorney. Plaintiff indicates that he and Walsh are Missouri residents. He claims that

2

Walsh served as his attorney in a civil action against a Poplar Bluff police officer, and "violated client attorney privalage [*sic*]." (ECF No. 1 at 3). Plaintiff alleges that Walsh failed to tell him "of a second beating from 3 other police officers," failed to communicate with him by mail, refused to send copies of camera footage to his girlfriend, and pressured him to settle his case. *Id.* Plaintiff also claims Walsh breached a contract to represent him in a criminal case, and "made it to where I can not get a fair trial here in Butler County" or any surrounding counties. *Id.* at 4. Plaintiff claims Walsh lied, "falsely reperzented [*sic*]" him, and stole his money. *Id.* at 4-5.

Plaintiff identifies his injuries as "fractures from police beating me that Mr. Walsh falsely reperzented [*sic*] me Mr. Strahan on, and was [e]ntitled more awarded mon[ies] than I rec[ei]ved, that if Mr. Walsh would [have] been fair and honest." *Id.* at 4. Plaintiff seeks $2 million in damages.

## Discussion

Plaintiff filed the complaint pursuant to 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Department of Social Services*, 436 U.S. 658, 685 (1978). Section 1983 provides no substantive rights; it merely provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994) (Section 1983 "merely provides a method for vindicating federal rights elsewhere conferred").

To state a claim for relief under 42 U.S.C. § 1983, "a plaintiff must allege sufficient facts to show (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010). *See Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (stating that § 1983 secures constitutional rights from government infringement, not

3

infringement by private parties). A party may be a state actor "because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).

In this case, plaintiff identifies Walsh as a private attorney who represented him in a civil matter, and "breached a contract" concerning representing him in a criminal matter. Plaintiff makes no attempt to identify Walsh as a government actor, nor does he allege facts tending to show that Walsh's conduct was in any way chargeable to the State. *See Martin*, 623 F.2d at 1286 (even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law); *see also Stone*, 364 F.3d at 914-15 (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). Plaintiff's § 1983 claims against Walsh therefore fail as a matter of law. Even if Walsh could be considered a state actor, plaintiff's allegations would not state a plausible § 1983 claim because they are wholly conclusory, and fail to describe conduct that invades a federally-protected right.

The Court therefore concludes this action is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court can envision no amendment to the complaint that would cause it to state a plausible 42 U.S.C. § 1983 claim against Walsh. The Court will therefore dismiss this action at this time, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

4

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 5) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 15th day of April, 2022.

/s/ John A. Ross
_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**